Thomas P. Ayres, appellant, *vs.* Robert R. Kelley, appellee.

*Appeal from Williamson.*

A plaintiff may, under the replication of *de injuria*, to the plea of *son assault demesne*, without a special replication or a new assignment, show that the defendant's battery was excessive.

The replication *de injuria* is a general traverse of the whole plea, and under it the plaintiff is at liberty to adduce any proof that tends to disprove any of the facts alleged in the plea.

It is only where the plaintiff seeks to introduce new matter, which shows that the facts stated in the plea, though true, do not justify the trespass, that he is required to reply specially, or new assign.

It is the right of either party to a suit, to abandon any substantive part of his claim or defence.

This was an action of trespass, for assault and battery, by Kelley against Ayres. Heard at the September term, 1849, before Denning, Judge, and a jury. Verdict and judgment for plaintiff for $33 33. The defendant appealed. The defendant filed two pleas—1st, not guilty; 2d, *son assault demesne.* Before the trial of the cause defendant moved the Court for leave to withdraw his plea of not guilty, which was denied by the Court. The denial of this motion is assigned for error.

J. Dougherty, for appellant, insisted:

1st. That the motion to withdraw a plea is a motion of course, and refers to Tidd's Practice, page 674.

2d. If the defendant justifies in an action of trespass, and the plaintiff relies on any fact or circumstance which either deprives the defendant of the justification, &c., he must reply it specially, instead of replying *de injuria sua*, &c., because such fact or circumstance cannot be given in evidence under the issue *de injuria.* Starkie's Evidence, page 1134, note *a*; 1 Chitty on Pleading, 592, 593, and 414; Warrel *vs.* Clare, 2 Campbell, 629; 15th Mass., 347.

3

R. F. WINGATE, for appellee.

Opinion by TREAT, C. J.:

This was an action of trespass, for an assault and battery. The defendant pleaded not guilty, on which issue was taken; and *son assault demesne,* to which the plaintiff replied *de injuria.* Previous to the trial, the defendant asked leave to withdraw the plea of not guilty, which the court denied. On the trial, the Court refused to instruct the jury " that, if the complainant committed the first assault, the verdict should be not guilty;" but instructed them that if the defendant carried his resistance further than was necessary in self defence, they should find for the plaintiff.

It is insisted that, under the issue formed in this case, the defence was complete on proof that the plaintiff committed the first assault, although the defendant may have used more force than was necessary to repel it. There are some authorities that favor this view of the case, but the better opinion seems to be, that the plaintiff may, under the replication of *de injuria* to the plea of *son assault demesne,* and without a special replication or a new assignment, show that the defendant's battery was excessive. It is so laid down in 2 Greenleaf's Ev., s. 95; 1 Stephens' N. P., 216, and 1 Chitty's Pl., 626, 10th Am. Ed.; and expressly decided in the cases of Fisher *vs.* Bridges, 4 Blackford, 518, and Curtis *vs.* Carson, 2 New Hampshire, 539. In Bennett *vs.* Appleton, 25 Wendell, 371, it was held, in an action of assault and battery, where *molliter manus impossuit* was pleaded, that the plaintiff could, under the replication *de injuria,* recover damages for an excess of force on the part of the defendant. In Hannen *vs.* Edes, 15 Mass., 347, where the defendant to an action for an assault and battery pleaded that as master of a vessel he moderately chastised the plaintiff, one of the crew of the ship, for a wilful disobedience of orders, to which the plaintiff replied *de injuria,* the Court held that it was competent for the plaintiff to prove that the beating was excessive, and beyond all proportion to the offence committed. Those cases are not distinguishable in principle from the one before us. The replication *de injuria* is a general traverse of the whole plea, and under it the plaintiff is at liberty to adduce any proof that tends to disprove any of the facts alleged in the plea. It is only when the

Ayres *vs.* Kelley.

plaintiff seeks to introduce new matter, which shows that the facts stated in the plea, though true, do not justify the trespass, that he is required to reply specially or new assign.    2 Greenleaf's Ev., s. 633.    The plea in this case, pursuing the form in 3d Chitty's Pl., 1068, alleges, that the defendant committed the act complained of in self defence, "necessarily and unavoidably," and did "no unnecessary damage to the plaintiff."    A material averment of the plea is, that no more force was used than was necessary to repel the assault.    If that degree of force was exceeded, the averment fails, and with it the defence.    There was no error in the instructions of the Court.

We think, however, that the Court erred in not allowing the defendant to withdraw his plea.    The plaintiff has an unqualified right to dismiss his whole case, or any substantive cause of action stated in his declaration.    The rights of the parties should be reciprocal.    The defendant should be permitted to abandon his whole defence, or any distinct part of it.    This is a matter of course.    The Court has no discretion over it.    How the plaintiff can be injured by the unconditional withdrawal of a plea, we are at a loss to conceive.    In this case, it removed the burden of proving his cause of action.    It was insisted on the argument that the defendant was not prejudiced by the refusal of the Court.    It may be otherwise.    His object in withdrawing the plea may have been to dispense with the further attendance of the witnesses relied on to prove the cause of action, and thereby diminish the amount of costs which he might be adjudged to pay.

The judgment of the Circuit Court is reversed, with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*

•CATON, Justice, said, I am not prepared to concur in reversing this judgment.