ISAAC FITZGERREL, Plaintiff in Error, *v.* RICHARD FURGESON and FRANCES FURGESON, Defendants in Error.

ERROR TO CLINTON.

It is error, to refuse a party leave to withdraw a plea of justification, to an action for slander.

THIS was an action of slander, commenced by defendant in error in Wayne county, and taken by change of venue to Clinton county.

Defendant filed a plea of justification, which was the only plea filed.

At the March term, 1860, defendant below filed an affidavit, alleging that it was agreed by one of the counsel for plaintiff below, and defendant, that this cause should be dismissed, each party to pay their own costs; that he had in Wayne and White counties witnesses, by whom he could fully sustain his defense; that, relying on such agreement, he had not procured the attendance of such witnesses at this term, and therefore moved the court to continue the case until the third day thereafter, when he would procure the attendance of his witnesses, and be ready for trial; which motion the court overruled.

The plaintiff in error then moved the court for leave to withdraw his plea, filed in this cause, which the court refused.

A jury was then impanneled, and the case submitted, without any other evidence than that contained in the pleadings, and the jury found a verdict for plaintiffs below for $5,000.

After the return of the verdict, the defendant below entered a motion for a new trial, which the court overruled. To which several opinions of the court, the plaintiff in error excepted.

WHITING, HANNA, and C. H. BEECHER, for Plaintiff in Error.

S. G. HICKS, for Defendant in Error.

CATON, C. J.  The affidavit for a continuance may have been insufficient, in not stating specifically what the defendant expected to prove by the absent witnesses.  But the court erred in not allowing the defendant to withdraw his plea of justification.  The case of *Ayres* v. *Kelly*, 11 Ill. 17, is conclusive on this point.  Were this a new question before this court, we might be disposed to leave it with the discretion of the court below; but we feel it our duty to follow the decision which was made by a majority of the court, rather than keep the decisions of this court fluctuating and vacillating.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*