PETER GIZLER

*v.*

GEORGE WITZEL.

1. ASSAULT AND BATTERY—*action of trespass may be maintained, no matter what language may have provoked it.* It is not essential to a recovery, in an action of trespass for assault and battery, that it shall appear the assault was committed without any provocation on the part of the plaintiff. It is wholly immaterial what language the plaintiff may have used to the defendant, so far as the right of the plaintiff to maintain an action is concerned.

2. SAME—*if in self-defense, must not exceed necessary defense.* And even if a plaintiff, in an action for assault and battery, provoked the assault, by himself first committing a technical assault, still he can maintain his action if the assault and battery committed by the defendant goes further than a reasonable self-defense.

3. BURDEN OF PROOF—*on defendant, to maintain a plea of son assault demesne.* On issue taken upon a replication *de injuria* to a plea of *son assault demesne,* the burden is upon the defendant to prove that the assault was made in necessary self-defense, and that, in making the assault, he used no more force than was necessary to protect himself.

4. INSTRUCTION—*need not repeat the expression "from the evidence" in every clause.* It is not necessary that a jury should be told in each sentence of an instruction, that they should "believe from the evidence." If the first part of the instruction contains this clause, a jury of intelligent men will not be misled if it is omitted in the remaining portion.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. METCALF & BRADSHAW, for the appellant.

Messrs. DALE & BURNETT, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass for an assault and battery.

The defendant pleaded not guilty, and *son assault demesne.*

The first plea was, however, withdrawn, and to the second the plaintiff replied *de injuria.*

Upon a trial of this cause before a jury, the plaintiff recovered a verdict of $100. The court refused a new trial, and rendered judgment on the verdict.

The defendant, who brought this appeal, claims that the verdict is contrary to the evidence, and the court gave improper instructions for the plaintiff, and upon these grounds a reversal of the judgment is asked.

We can not hold that the jury misapprehended the evidence in this case, or that the verdict is not warranted by the testimony.

Appellee testified that appellant committed the first assault, and in this he is corroborated by two disinterested witnesses,

who saw the difficulty.   This is denied by appellant, who says he was struck first, and he is corroborated by one witness, but the preponderance of the evidence is clearly with appellee.

The appellant ordered appellee out of his vineyard.   Appellee crossed the fence and went into the street, where, shortly afterwards, appellant followed him, with a knife in his hand. Appellee obtained a club, and it is but a fair inference, from the evidence, that the attack was made by appellant, and he struck appellee in the arm with the knife, when he, in turn, was struck with the club held by appellee.

The use of a knife by appellant was inexcusable.   He was not attacked, but rather followed appellee into the street, and sought the encounter, with a knife in his hand.

We see nothing in the evidence that would justify the conclusion that appellant, when he made the assault, was acting in self-defense, or that the use of a knife was necessary to protect him from bodily harm.

Had appellant remained on his own premises and not followed appellee into the street, it is not at all probable that any difficulty would have occurred.

At all events there was a conflict in the evidence, and it was for the jury to settle it, and, under the uniform decisions of this court, the verdict must be regarded as final.

The court, at the request of appellee, gave to the jury seven instructions, all of which, except the first, are claimed to be erroneous.

The main objection taken to the second instruction is, that it excludes from the consideration of the jury previous provocation, or acts of misconduct of appellee that occurred a day or two prior to the difficulty.

The evidence does show that, three days before the assault, the parties had a quarrel, and appellee struck appellant a light blow in the mouth.   That could not, however, be regarded as any justification of the assault.   In *Ogden* v. *Claycomb*, 52 Ill. 366, which was an action to recover for an assault and battery, and a question similar to the one here presented arose, it is said: " If the defendant strikes a blow not necessary to his

defense, or after all danger is passed, or by way of revenge, he is guilty of an assault and battery."

The third instruction tells the jury, among other things, that the plaintiff, in order to recover, should have been guilty of no provocation. This is error. It is wholly immaterial what language he may have used, so far as the right to maintain an action is concerned, and even if he went beyond words, and committed a technical assault, the acts of the defendant must still be limited to a reasonable self-defense. The case cited seems to settle the point raised on the instruction. We perceive no substantial objection to the third instruction.

The fourth is as follows:

"The court instructs the jury, that if they believe, from the evidence, that plaintiff commenced the assault, yet, if they believe the use of the knife was unnecessary in the defense of the defendant, they will find for plaintiff."

It is said, in the belief of one fact the jury were restricted to the evidence, and not the other. It is not necessary that a jury should be told, in each sentence of an instruction, that they should believe from the evidence. If the first part of the instruction contains the clause, a jury of intelligent men would not be misled if it was omitted in the remaining portion of the instruction. The criticism on the instruction, that the jury were made to believe that if appellant could have made his defense with any other weapon he should have done so, and not used the knife, we do not regard as well founded.

The objection made to the fifth instruction is, that the jury were directed, if plaintiff was entitled to recover, then he was entitled to compensation for what he expended in being cured, when they should have been told the compensation must be confined to what he necessarily expended.

We are inclined to hold that appellant is correct in his position; but the amount expended, as shown by the evidence, was small, and it was not contended that the amount was unnecessary, and hence the instruction, although inaccurate, did no harm.

No defect has been pointed out to the sixth instruction, and we perceive none.

The seventh instruction in substance declares that, under the pleadings in the case, the burden of proof was upon defendant to establish; by a preponderance of the evidence, first, that the assault was made in necessary self-defense; second, that in making the assault, the defendant used no more force than was necessary to protect himself. It is conceded that the first proposition contained in the instruction is correct, but the second is disputed.

In Vol. 3, Starkie on Evidence, 1473, the rule is declared in these words: "On issue taken on a replication *de injuria* to a plea of *son assault demesne*, which must be pleaded specially, the proof is, of course, upon the defendant, and the plaintiff need not produce evidence, except for the purpose of encountering the defendant's evidence, and also for the purpose of increasing the damages."

In *Harmon* v. *Edes*, 15 Mass. 347, it was held, on the plea of *moderate castigavit*, the defendant must not only make out his authority and the cause of the beating, but must also show that the beating was, in fact, moderate, so that if, by his own evidence, it should appear that he had abused his authority and inflicted blows unnecessary for the purpose, or cruel in the degree, the issue would fail him entirely.

The plea of appellant, under which he interposes his defense, alleges that the assault and battery complained of was committed in necessary self-defense, "the defendant using no more force than was necessary for such purpose." This allegation is a material averment in the plea. If more force was used than necessary to repel the assault, the averment fails, and with it the defense. *Ayres* v. *Kelley*, 11 Ill. 17.

As the issue was formed in this case, the burden of proof to sustain the plea filed by appellant was upon him, and if this be true, the instruction was correct.

No substantial error appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*