ISAAC B. FORBES *et al.*

*v.*

MARY SNYDER, Admx. etc.

1. THREATS—*whether admissible in evidence—in civil and criminal cases.* In an action under the statute to recover compensation for the wrongful killing of another by attacking and shooting him, the defendants are not entitled to prove threats of violence by the deceased which had been communicated to them before the meeting which resulted in the killing, unless it is further

shown that the deceased made some hostile demonstration before the attack, indicating present danger to the defendant.

2. Previous threats are competent only to give character or coloring to some act of the party having made the threats. The mere fact of threats to take the life of a defendant does not justify him in seeking the person making the threats and killing him on sight. This is not necessary self-defence.

3. But if A should threaten to kill B on sight, and B has knowledge of the threat, and upon meeting, A, without fault on B's part, should make a demonstration apparently hostile and B should kill him, he would have the right on the trial to prove his knowledge of the previous threats, that the jury might determine whether he really acted upon a reasonable apprehension of danger to his life or great bodily harm.

4. When life or liberty is at stake, as in criminal proceedings, courts will permit threats to be proven upon very slight proof of a foundation for such evidence, and this in favor of life and liberty; but in a mere matter of dollars and cents, involving no vindictive damages, and seeking merely compensation civilly for the wrong, no such leaning of the courts should be countenanced.

5. WITNESS—*competency of party to suit.* In an action by the personal representative of a deceased person to recover compensation for the wrongful killing of the intestate by attacking and shooting him, the defendants are not competent witnesses to prove matters which occurred between them and the deceased anterior to the killing.

6. DEPOSITION—*right of opposite party to have the whole read.* The plaintiff, in taking a deposition, examined the witness as to a certain conversation of one of the defendants, but on the trial concluded not to introduce this proof, and read the remaining part of the deposition. The defendants claimed the right to read the omitted part and thereby prove their own declarations: *Held,* that as it was not competent for the defendants to prove their own declarations, the court properly refused to allow them to read the whole of the deposition.

7. It is true this court has said that a deposition once taken and filed, either party has a right to use it; but the party proposing to use it must use it only to prove that which it is competent for him to prove.

APPEAL from the Appellate Court for the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and the Hon. OLIVER L. DAVIS and Hon. LYMAN LACEY, Justices.

Messrs. BARNES & MUIR, and Mr. J. E. ONG, for the appellants.

Messrs. BANGS, SHAW & EDWARDS, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action under the statute, by the administratrix of the estate of George Snyder, deceased, brought for the use of the next of kin, against appellants, upon the allegation that defendants wrongfully caused the death of George Snyder.

The killing occurred in the presence of many witnesses. The circumstances shown by their concurrent testimony, contradicted by no witness, were substantially the following:

There was hostile feeling between Snyder and the appellants.

In the early part of the evening appellants came together to a drug store, in Lacon, and inquired for Snyder, and uttered words betokening unkind feeling toward him; and while they were talking, Snyder passed the door of the drug store, going eastward on the sidewalk. Forbes called the attention of Orr to the fact that Snyder was passing, and Orr at once went out on the sidewalk and called Snyder back. Snyder obeyed the summons, and meeting Orr a little east of the door offered his hand, which Orr refused to accept, and began at once to strike Snyder with his fists. Snyder seized Orr with his hands—taking hold of Orr's arms above the elbows—thus holding off and preventing him from inflicting further blows. In this movement the contending parties had turned around so that Snyder's back was toward the door of the drug store, and Orr was beyond him. Forbes followed Orr out of the drug store and reached the outside of the door,—when Snyder's back was toward the door as above stated, being engaged in the struggle with Orr. Forbes at once drew from his overcoat pocket a revolver, and fired three shots in rapid succession at Snyder, each of which took effect, and Snyder retreated into the drug store and to the rear part of it, closely followed by Orr, who continued to strike or to try to strike Snyder until he was intercepted by bystanders. Forbes and Orr then went away together. Snyder lingered

a few days and then died of the wounds inflicted by Forbes with his pistol.

The verdict was for plaintiff, and damages were assessed at $2500. Defendants appealed to the Appellate Court for the Third District, where the judgment was affirmed, and from that judgment they appeal to this court.

It is assigned for error that the circuit court refused to permit defendants to prove previous threats of violence by Snyder, which had been communicated to defendants before this meeting. In this there was no error. There is no evidence whatever tending to prove any overt or even equivocal act of Snyder indicating present danger to appellants or either of them. Previous threats are competent only to give character or coloring to some act of the party having made the threats. The mere fact that another has threatened to take my life does not justify me in seeking him and killing him on sight. This is not necessary self-defence. If another threaten to kill me on sight, and I know of such threat, and on meeting my enemy, without fault on my part, he makes a demonstration apparently hostile and I kill him, I have a right on trial to prove my knowledge of the previous threats, that the jury may determine whether I really acted from a reasonable apprehension that my enemy was about to kill me or do to me great bodily injury. In the absence of any fact which may in any light be reasonably construed to be a hostile movement or demonstration, prior threats do not tend to show a defence. It is true, where life or liberty is at stake,—as in a trial in a criminal proceeding,—courts will permit threats to be proven upon very slight proof of a foundation for such evidence, and this in favor of life and liberty; but in a mere matter of dollars and cents, involving no vindictive damages, and seeking merely compensation civilly for the wrong, no such leaning of the courts should be countenanced. There was no evidence tending to lay the necessary foundation for evidence of previous threats, and it was, there-

fore, right to exclude the proof. See *Cummins* v. *Crawford,* 88 Ill. 312.

Defendants were offered as witnesses generally as to matters anterior to the death of Snyder, and were held incompetent. This ruling we hold to be correct. In this action the adverse party sues as administratrix, and in such case a party or person interested is expressly excepted from the operation of the statute allowing parties to testify on their own motion in their own behalf. But it is insisted that this clause is to be confined to cases wherein the result of the suit must be to increase or diminish the estate of the deceased person, and that the damages in this case do not in any proper sense constitute a part of the estate of deceased,—are not assets for the payment of debts or for distribution to heirs or devisees. It is true these damages are not strictly any part of the estate, but they constitute a fund cast upon his next of kin by means of his death. They surely come within the letter of the statute, and, in our judgment, fall within its spirit. The tongue of Snyder is silent as to the events which led to his death. The same reasons which justify the limitation of the general statute so as to silence adverse parties where the effect of the proceeding is to increase or decrease the estate, seem equally cogent in a case like the present.

It is complained that plaintiff having read part of a deposition, the court refused to permit the defendants to read another part of the same deposition. On examination of the matter excluded, it will be seen that it is not in any sense a matter to be received as a cross-examination as to matter already in evidence, and that it is matter which the defendants could not introduce for themselves. This matter was properly excluded. The plaintiff, in taking the deposition, examined the witness as to a certain conversation of one of defendants. On the trial plaintiff concluded not to introduce this proof, and defendants claimed the right to prove their own declarations by reading this deposition. It is true this court has said that a deposition once taken and filed gives

either party a right to use it; but the party proposing to use it must use it only to prove that which it is competent for that party to prove.

Many other questions are made by appellants, but the above seem the most relied upon. We have examined every point presented, and, without discussing them further in detail, will say that we think the judgment of the Appellate Court right. It must, therefore, be affirmed.

*Judgment affirmed.*