## Hulse v. Tollman.

1.  *Assault and Battery—Evidence of Antecedent Facts.*—In the trial of an action for an assault and battery, an inquiry into antecedent facts is not proper, unless they are fairly to be considered as part of the same transaction. So *held*, where a party was allowed to prove the conduct and deportment of his adversary on previous occasions.

2.  *Evidence—Former Controversies.*—In an action of trespass for personal injuries, the merits of former controversies occurring some weeks before the affair in question, are not material in determining the defendant's liability for committing the assault; whether the plaintiff was right or wrong, or whether his conduct was commendable on other occasions, is not in issue.

3.  *Threats—When Competent.*—In an action for trespass for personal injuries, threats of the plaintiff are only competent to be considered in case the jury believe he made a hostile demonstration at the time of the assault, indicating danger to the defendant. Threats can only be considered for the purpose of giving character or coloring to some act of the plaintiff, and to aid the jury in determining whether the defendant acted from a reasonable fear of an assault upon him.

4.  *Self Defense—Justification of an Assault—Threats.*—The fact that a plaintiff had a revolver in his coat and a slung shot in his hip pocket. could not justify an assault upon him, unless he did some act indicating an intention to carry threats, previously made by him, into execution— such an act that would induce, in a reasonable person, a belief that there was immediate danger of his doing so.

5.  *Self Defense—Provoking a Difficulty.*—The law will not permit a person to provoke or bring on a difficulty with another and then avail himself of the plea of self defense.

6.  *Instructions—Self Defense.*—Where, in an action for an assault, there is evidence tending to show that the defendant had provoked the assault, it was error to instruct the jury that the defendant had a right to assault the plaintiff and knock him down in order to protect himself, regardless of the fact that he provoked the difficulty where none would have otherwise occurred.

Hulse v. Tollman.

7. *Instructions—Reasonable Belief in Self Defense.*—In an action for assault, an instruction stating that if the jury believe, "that the defendant believed that he had a reasonable ground to believe that the plaintiff meant to do him a bodily injury, he might assault him," is erroneous. His belief must have been such as a reasonable person would entertain under the circumstances. His belief that the grounds of his belief were reasonable will not justify him.

8. *Self Defense—Reasonable Belief a Question for the Jury.*—In an action of trespass where the right of self defense is relied upon, the question as to whether the defendant's belief that he was in danger was a reasonable one, is a question for the jury, and not for him to determine.

9. *Self Defense—How Much Force, a Question of Fact.*—The question of how much force a person may use in self defense, and what he may do, is a question of fact for the jury, and not one of law for the court.

10. *Instructions—Previous Threats and Present Danger.*—An instruction in an action of trespass to the person, where self defense is relied upon, which states to the jury that they have a perfect right to take into consideration threats of the plaintiff without requiring a belief that some act was done to carry them into execution, is erroneous, where the question as to whether such act was done is a disputed fact; unless the jury did believe from the evidence that some such act was done, the threats could not be considered.

11. *Burden of Proof—Self Defense.*—In an action of trespass, where it was stipulated that all pleas were in, the defendant undertook to establish a plea of self defense; *it was held*, that by this plea the assault was admitted, and the burden of proving that it was committed in self defense, was on the defendant.

**Memorandum.**—Trespass for assault and battery. Appeal from a judgment rendered by the Circuit Court of Iroquois County. The Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, C. H. PAYSON, ATTORNEY.

The law does not allow a person to bring an attack upon himself for the purpose of getting an opportunity to defend himself. Forbes v. Snyder, 94 Ill. 374; Wilson v. People, 94 Ill. 299.

If the plaintiff did not make the first assault, evidence of former threats would be incompetent for any purpose. "There is no principle, with which we are familiar, on which such evidence is admissible. Unless the threats

which it is proposed to prove are so recent as to become a part of the transaction being investigated, such testimony is not admissible, under any known rule of evidence, for any purpose." Cummins v. Crawford, 88 Ill. 317.

Previous threats are competent only to give character or coloring to some act of the party having made the threats. "If another threatens to kill me on sight, and I know of such threat, and on meeting my enemy, without fault on my part, he makes a demonstration apparently hostile, and I kill him, I have a right on trial to prove my knowledge of the previous threats, that the jury may determine whether I really acted from a reasonable apprehension that my enemy was about to kill me or do to me great bodily injury." Forbes v. Snyder, 94 Ill. 377; Gilmore v. People, 124 Ill. 380.

It is not competent to prove as an excuse for a battery that several days before it was committed the plaintiff had threatened the defendant. Heiser v. Loomis, 47 Mich. 16; Thrall v. Knapp, 17 Ia. 468.

The defense was self defense, and upon this question the burden of proof was upon the defendant. From the moment the defendant admitted he struck plaintiff a violent blow with a deadly weapon, the burden of proof was upon him, and not the plaintiff. The error in this instruction alone should reverse this case. Gizler v. Witzel, 82 Ill. 322; Chicago R. I. & P. v. Barrett, 16 Brad. 17.

APPELLEE'S BRIEF, C. W. RAYMOND, ATTORNEY.

Where the result reached by the jury is clearly right it will never be reversed for errors which do not affect the substantial merits of the case. Wilson v. The People, 94 Ill. 299; Calhoun v. O'Neil, 53 Ill. 354; Leach v. The People, 53 Ill. 311.

OPINION OF THE COURT, CARTWRIGHT, J.

Appellant, a minor, by his next friend, brought this suit in trespass against appellee to recover damages for an assault. No pleas were filed, but it was stipulated of record

by the parties that all pleas to the declaration, and all replications to such pleas, should be considered in. The cause was tried and resulted in a verdict of not guilty, and judgment was rendered against appellant for costs.

On the trial, the assault was admitted by the defendant and the defense interposed was that it was committed in self defense. There was but little controversy as to the facts, and they were substantially as follows: On the evening of Sunday, December 20, 1891, the plaintiff, with Frank Casper and John Beckman, were visiting at the house of Fred Frahling. After supper, the plaintiff, on the invitatation of Casper, went with the other boys to the defendant's residence, about forty rods north of Frahling's, on the same road. After staying there a few minutes the defendant joined the party, and they all went south on the road to meet two boys with girls. They went south about half a mile, and met the boys and girls, and then turned and came back toward Frahling's. When they reached Frahling's gate they stopped. Up to this time there had been no trouble or unpleasantness of any kind, but everything had been pleasant and peaceable. The defendant was a little ahead of plaintiff, and was with a young man named Witte.

The defendant then turned to Witte, and pointing with his finger to plaintiff, asked a question, which is given in somewhat different language by different witnesses, but which was substantially as follows: "Is this the fellow that is going to lay our bones across each other?" Witte said, "Yes." Plaintiff commenced to speak, and, according to his testimony, said: "No" or "I," and according to defendant's testimony, said "I—I—," but did not get any further, nor have time to say anything more, when the defendant, who had drawn a knife from his pocket, struck him in the face with the closed knife, making a penetrating wound on the right side of the face near the eye, extending into the nasal cavity, breaking the bones, knocking out two teeth and fracturing another. The plaintiff was knocked down, and lay there a short time, when he got up on his knees

and shortly after got up and went away.   Plaintiff claimed
that he was attempting to deny any intention to do as de-
fendant stated, and the witnesses so understood it.   As one
of the defendant's witnesses stated it, "He wanted to
excuse himself as though he didn't say it."   The only con-
troverted question of fact was whether plaintiff at that
time put his hand on his hip pocket.   On that question the
evidence was conflicting.   There was no clear preponderance
of the evidence on this trial that he did so, and there was
evidence that defendant, when testifying before a justice of
the peace, said that plaintiff had his hands in his front
pockets when he struck him.   There had been trouble be-
tween the parties a few weeks before and they were not
friendly.   Each one had made threats against the other,
which had been communicated to the party threatened,
some time previously.

On the cross-examination of the plaintiff, the defendant
was permitted to inquire into the details of the previous
troubles between the parties; and the bulk of the evidence
in behalf of the defendant consisted of accounts of those
occurrences, apparently for the purpose of elucidating to
the jury the merits of the difficulties which had occurred
before, having no connection with the assault.   In going
into these details the defendant was allowed, not only to
prove the conduct and deportment of the plaintiff on pre-
vious occasions, but also what one Bolan did and said, and
threats made by him on those occasions against defendant.

Bolan was in no way connected with the affair at the
time of the assault, and evidence concerning him was
wholly irrelevant.   The merits of former controversies
occurring some weeks before, were not material in deter-
mining defendant's liability for assaulting the plaintiff.
Whether plaintiff was right or wrong, or whether his con-
duct was commendable on other occasions, was not in issue.
A right to assault him could not arise out of facts of that
kind, nor would they tend, in any degree, to mitigate the
damages suffered.   An inquiry into antecedent facts is not
proper, unless they are fairly to be considered as part of

Hulse v. Tollman.

the same transaction. Cummins v. Crawford, 88 Ill. 312. The threats of the plaintiff were only competent to be considered in case the jury should believe that plaintiff made a hostile demonstration, at the time of the assault, indicating danger to the defendant. They could only be considered for the purpose of giving character or coloring to some act of the plaintiff, and to aid the jury in determining whether defendant acted from a reasonable fear of an assault upon him. Forbes v. Snyder, Admx., 94 Ill. 374.

Plaintiff was armed at the time of the assault. He had a revolver in his coat pocket, and a slung shot in his hip pocket, where, it is claimed, that he put his hand. The fact that he was so armed could not justify the assault, unless he did some act indicating an intention to carry his threats into execution, such as would induce in a reasonable person a belief that there was immediate danger of his doing so. Conceding that the jury were justified in finding that he did put his hand to his hip pocket, the circumstances and the manner of the defendant in commencing a quarrel would rather indicate an intention on the part of the plaintiff in such act of preparing for his own defense than of assaulting the defendant. He was attempting to deny the charge made, or to excuse himself in some way, as was plainly apparent. The defendant started the trouble himself. There had been nothing said or done before that by plaintiff indicating any intention to bring on any difficulty. The circumstances did not authorize any inference on the part of defendant that plaintiff had turned aggressor, and was about to assault him. That defendant provoked the difficulty, is too clear for argument. There is not the slightest reason to suppose that there would have been any trouble if he had not commenced it. The law will not permit him to provoke or bring on a difficulty with the plaintiff, and then avail himself of the plea of self defense. Gainey v. People, 97 Ill. 270; Adams v. People, 47 Ill. 376. The brutal assault was made almost instantly after defendant turned around and asked the question of Witte, and before the plaintiff could say anything, and the evidence did not make out a case of self defense.

The second and fifth instructions given for the defendant, were as follows:

You are further instructed for the defendant, that if you believe from all the evidence that Tollman saw Hulse throw his hand around to his hip pocket, and if you further believe from the evidence that Tollman believed he had reasonable grounds for believing that Hulse at that time meant to do him bodily injury or make an assault upon him, then Tollman had a right to assault Hulse and knock him down if necessary, in order to protect himself, using no more force than was reasonably necessary.

You are further instructed that if you believe from the evidence that the defendant believed he had reason to believe that the plaintiff in this case was about to inflict upon him great bodily harm, or strike him or wound him, then he had a right to assault the plaintiff and strike him down; and if you believe that the assault which the defendant made upon the plaintiff in this case was made in his necessary self defense, and that the defendant used no more force than was necessary, then you should find the defendant not guilty.

These instructions were both bad in stating that defendant had a right to assault plaintiff and knock him down, or strike him down, in order to protect himself, regardless of the fact that he had provoked the difficulty where none would otherwise have occurred. They were also wrong in stating that if the jury believed that the defendant believed that he had a reasonable ground to believe that plaintiff meant to do him a bodily injury, he might assault him. His belief must have been such as a reasonable person would entertain under the circumstances, and his belief that he had reason to believe, or that the grounds of his belief were reasonable, would not justify him. Whether his belief was a reasonable one under the circumstances was a question for the jury, and not for him. The latter instruction also asserted the right of the defendant to strike the plaintiff down if he had such a belief. The question of how much force would be reasonably necessary for self defense, and what defendant might do, was for the jury and not the court.

The sixth instruction for defendant, was as follows:

You are further instructed, that in coming to a verdict you have a perfect right to take into consideration all the threats, if any are proved, which Hulse might have made against Tollman, if you believe that these threats were finally made known to Tollman, and then to say from all the evidence and circumstances in the case, whether or not you believe that Tollman had reason to fear an assault upon himself and struck Hulse in self defense.

This instruction was erroneous in telling the jury that they had a perfect right to take into consideration, threats of plaintiff, without requiring a belief that plaintiff did some act to carry them into execution. This was a disputed fact, and unless they should believe that some act was done, the threats could not be considered.

The eighth instruction for defendant told the jury that the burden of proof in the case rested on the plaintiff, and that before he would be entitled to a judgment, he must prove his case by a preponderance of the evidence. The assault by defendant was admitted, and the burden of proving that it was committed in self defense was on the defendant. It was stipulated that all pleas were in, and the defendant undertook to establish a plea of self defense, under which the burden was on him. The instruction was wrong in casting the burden of proof on all the issues on plaintiff. Gizler v. Witzel, 82 Ill. 322.

For the errors indicated, and because the verdict is against the evidence, the judgment will be reversed, and the cause remanded.