## William Swigart, by His Next Friend, v. Mary E. Ballou.

1. INSTRUCTIONS—*Where the Evidence is Conflicting.*—Where the evidence is conflicting, the jury should be accurately instructed.

2. SAME—*Burden of Proof in Assault and Battery Where the Plea is Moderate Castigavit and Replication de Injuria.*—An instruction in an assault and battery case against a school teacher to the effect that the burden of proof is upon the plaintiff, not only to show that the defendant punished the plaintiff, but that such punishment was clearly excessive or unreasonable, is erroneous. The rule in this state is that where the defendant has pleaded *moderate castigavit* and the plaintiff replied *de injuria*, the burden of proof is upon the defendant.

3. SAME—*Erroneous Ones Not Cured by Others.*—An erroneous instruction is not cured by a proper instruction on the same side, when from the evidence it is impossible to say that the jury did not follow the erroneous one.

Trespass, for assault and battery. Error to the Circuit Court of Du Page County; the Hon. HENRY B. WILLIS, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

EDWARD B. ESHER, attorney for plaintiff in error.

H. H. GOODRICH and M. SLUSSER, attorneys for defendant in error; E. M. SCHWARTZ, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of trespass by William Swigart, a minor, by his next friend, against Mae (alias Mary E.) Ballou, to recover damages for injuries resulting from an alleged assault and battery, committed upon him by her. The declaration contained three counts charging assault and battery in various forms, the third, also charging malice.

There was a plea of the general issue and two special pleas of justification. The last two set up that at the time of the alleged trespass the defendant was a school mistress engaged in teaching a certain school in the city of Naperville; that plaintiff was a scholar attending such school; that he refused to obey the reasonable and necessary rules

prescribed for the government of the school and the reasonable and necessary commands of defendant, as teacher, and so conducted himself as to destroy the discipline of the school; whereas the defendant then and there moderately chastised him for his said misbehavior. To the plea of the general issue plaintiff filed a similiter, and to the special pleas a general replication *de injuria.*

Upon the trial there was a verdict for defendant. A motion for a new trial was overruled and judgment entered against the plaintiff, to reverse which he brings the case to this court.

The proof shows that defendant in error was a teacher in the public schools of Naperville, and plaintiff in error was a pupil in her room; that at the close of school March 21, 1901, she whipped him for alleged misbehavior and disobedience; that the next day she tried to get him to say he would be a good boy but he refused to do so and for that reason and for other alleged misconduct during the morning she whipped him again, after school was dismissed at noon. It was for the second punishment that this suit was brought.

It was a sharply controverted question of fact whether plaintiff in error had committed an offense justifying the teacher in whipping him, and a still more sharply controverted question of fact whether, if the teacher was justified in administering the whipping, the punishment was excessive. It was therefore important that the jury should be accurately instructed.

The first instruction given for the defendant below told the jury that the burden of proof was upon the plaintiff, not only to show that the defendant punished the plaintiff, but that such punishment was clearly excessive or unreasonable. There are authorities which sustain this instruction, but in this state the rule is that the burden of proof in such case is upon the defendant. In the case of Gizler v. Witzel, 82 Ill. 322, which was an action of trespass for assault and battery, where the defendant pleaded *son assault demesne* and the plaintiff replied *de injuria,* the court, in the course of its opinion, says:

"The seventh instruction, in substance, declares that, under the pleadings in the case, the burden of proof was upon defendant to establish, by a preponderance of 'the evidence, first, that the assault was made in necessary self-defense; second, that in making the assault, the defendant used no more force than was necessary to protect himself. It is conceded that the first proposition contained in the instruction is correct, but the second is disputed.

In Vol. 3, Starkie on Evidence, 1473, the rule is declared in these words: ' On issue taken on a replication *de injuria* to a plea of *son assault demesne*, which must be pleaded specially, the proof is, of course, upon the defendant, and the plaintiff need not produce evidence, except for the purpose of encountering the defendant's evidence, and also for the purpose of increasing the damages.'

In Hannen v. Edes, 15 Mass. 347, it was held, on the plea of *moderate castigavit*, the defendant must not only make out his authority and the cause of the beating, but must also show that the beating was, in fact, moderate, so that, if by his own evidence it should appear that he had abused his authority and inflicted blows unnecessary for the purpose, or cruel in the degree, the issue would fail him entirely. *    *    *    As the issue was formed in this case the burden of proof to sustain the plea filed by appellant was upon him, and if this be true, the instruction was correct."

This case has never been questioned by our Supreme Court, and must be taken as laying down the correct rule.

In the case of Hulse v. Tollman, 49 Ill. App. 490, which was a suit in trespass, brought to recover damages for an assault, it is said :

" The eighth instruction for defendant told the jury that the burden of proof in the case rested on the plaintiff, and that before he would be entitled to a judgment he must prove his case by a preponderance of the evidence. The assault by defendant was admitted and the burden of proving that it was committed in self-defense was on the defendant. It was stipulated that all pleas were in and the defendant undertook to establish a plea of self-defense, under which the burden was on him. The instruction was wrong in casting the burden of proof on all the issues on the plaintiff.". And in support of this doctrine Gizler v. Witzel is cited.

The case of Bennett v. Appleton, 25 Wend. 371, was a

Swigart v. Ballou.

suit to recover damages for assault and battery. The defendant pleaded *molliter manus imposuit*, to which the plaintiff replied *de injuria*. It is there said by the court:

" The replication *de injuria*, in effect traverses every material allegation in the plea, and for this reason is said to be proper when it is untrue. *Molliter manus imposuit* is an essential averment (1 Chitty's Pl. 524), importing that no more than reasonable force was used, and which, among other matters, is denied by this form of pleading. The defendant must not only show an excuse for the assault, but also that it was in some reasonable proportion to the circumstances under which it became necessary. If more was used, this allegation fails, and with it the plea."

It follows from the above authorities that the instruction above named imposed a burden upon plaintiff in error which he did not, in law, have to assume, and that it was therefore improperly given. It is argued that this instruction did no harm, because plaintiff in error's second instruction, which was given by the court, said that the burden of proof was upon the defendant on this issue. The rule on this subject is laid down by our Supreme Court in C. & A. R. R. Co. v. Keegan, 185 Ill. 70, as follows:

" The giving of a correct instruction upon one point in a case will not obviate an error in an instruction on the other side, where they are entirely variant and there is nothing to show the jury which to adopt. An erroneous instruction can not be said to be cured by a proper instruction on the other side, when from the evidence it is impossible to say that the jury did not follow the erroneous one."

In this case we are unable to say which instruction the jury followed, therefore the error in giving defendant in error's first instruction was not cured, nor the harm removed.

The fifth and sixth instructions given for defendant in error assumed that an offense had been committed by the plaintiff in error. The fifth was not erroneous because it referred to and was in effect a part of the preceding instruction, which required that the jury must believe from the evidence an offense had been committed before any punishment could be justified. The sixth instruction, however, was

general, was not based on any other instruction, assumed that plaintiff committed an offense and was therefore erroneous. Each of the instructions given for the defendant, except the fifth, stated to the jury that plaintiff could not recover unless " the punishment was clearly excessive or unreasonable." These provisions in said instructions, while not stating so in exact terms, plainly assume that the burden of making proof of the excessiveness or unreasonableness of the punishment was upon the plaintiff in error. Such, however, as we have above seen, is not the true rule as applied to the pleadings and circumstances of this case. For the reasons above given the judgment will be reversed and the cause remanded.