## Clarence S. Wells v. Martin Englehart.

### Gen. No. 11,490.

1. ASSAULT AND BATTERY—*what not defense to.* A plea of self-defense will not be sustained to an action of trespass for assault and battery where it appears that the defendant provoked or brought on the difficulty with the plaintiff.

2. ASSAULT AND BATTERY—*what not defense to.* A charge of swindling is no justification for an assault and battery.

3. ASSAULT AND BATTERY—*what not defense to.* It is no defense to an action of trespass for assault and battery to show that the plaintiff made the first assault, if it is apparent that the defendant used more force than was reasonably necessary, even though acting in defense of his own person.

4. ASSAULT AND BATTERY—*burden of proof in action for.* In an action of trespass for assault and battery, in which the defendant has pleaded *son assault demesne*, the burden is upon him, notwithstanding the interposition likewise of a plea of the general issue, to establish a justification for the assault.

Action of trespass. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed February 10, 1905.

**Statement by the Court.** This is an action of trespass brought by appellant to recover damages for an alleged assault and battery. Appellee's own testimony tended to

show that in the fall of 1900 he had some controversy
with appellant about a stove which he was employed to
repair; that in May of the following year, months after
the original dispute, he went to the store where appellant
was employed and gave an order for some iron; that while
in the store he noticed appellant and told him he would
like to speak with him concerning the stove deal; that ap-
pellant said he was through with that, but finally asked
appellee to go out into the shipping room; that appellee
said to appellant that a man connected with the stove trans-
action had told him (appellee) to tell appellant that " he
was a damned liar," and he (appellee) thought so too: that
appellant replied, "You are a damned swindler and a
scoundrel;" that the parties grabbed each other, and blows
were struck before they were separated.   Appellee says he
paid no attention to where he hit appellant, that all he saw
in the way of bruises on appellant's face was a little blood
around his mouth; that " they stopped him too soon;" that
he " thought the man that would get in first was the best,"
and that he hit appellant a number of times; that "he
simply wanted to go in there and tell plaintiff that he was
a damned liar."

Appellant's testimony tends to show that he was dictat-
ing a letter to a stenographer, in his usual place of busi-
ness, when appellee approached and spoke to him, raising
his voice so that appellant requested him to go out into the
shipping room; that appellee took out a memorandum
book, referring to something he said he had been told ap-
pellant had said, and after a few words told appellant, " I
think that you beat me and I am going to beat you now;"
that thereupon he began striking appellant, who was
hemmed in by boxes and could not get away.

There is evidence tending to show that appellant received
a serious and perhaps permanent injury, and that he did no
more than to endeavor to ward off appellee's blows.   The
case was submitted to a jury, who returned a verdict in
favor of the defendant.   This appeal is prosecuted from
the judgment which was rendered in accordance with the
verdict.

Wells v. Englehart.

ULLMANN & HACKER, for appellant.

FRED H. ATWOOD, FRANK B. PEASE, WILLIAM S. CORBIN and CHARLES O. LOUCKS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant contends that the verdict was clearly against the weight of the evidence. It appears from appellee's own testimony that he was the aggressor. He sought appellant in the place where the latter was employed. He began the altercation by telling appellant he thought he was "a damned liar." Although denying that he struck the first blow he says that he intended to and did "get in first." According to the other witnesses he apparently struck all the blows, and says that he "was stopped too soon" to enable him to inflict all the injury he would apparently have liked. The evidence conclusively preponderates in favor of appellant, tending to show that appellee provoked the quarrel, that he was the aggressor and that he intended to and endeavored to injure appellant. Even if his statement be accepted that he "hit plaintiff after plaintiff caught hold of him," no other conclusion is possible, from this record, than that he used more force than was necessary for his alleged self defense. The evidence on both sides indicates that appellee was animated by a vindictive spirit of revenge, which he had cherished for a considerable time, and appellant's evidence, uncontradicted apparently in this respect, tends to show that he carried a memorandum to keep him in mind of his purpose. There is no evidence tending even remotely to show that there would have been any difficulty had not appellee provoked it. "The law will not permit him to provoke or bring on a difficulty with the plaintiff and then avail himself of the plea of self defense." Hulse v. Tollman, 49 Ill. App. 490–495, and cases there cited.

The burden of proof was on appellee to maintain his plea of *son assault demesne*. Gizler v. Witzel, 82 Ill. 322-326. It is not important which party made the first assault, if it is apparent, as the preponderating evidence

tends to show, that appellee used more force than was reasonably necessary, even if acting in defense of his own person.    Abt v. Burgheim, 80 Ill. 92–95 ; Trogden v. Henn, 85 Ill. 237.    If a man under such circumstances strikes " a blow not necessary to his defense, or after all danger is past, or by way of revenge, he is guilty of an assault and battery."    Ogden v. Claycomb, 52 Ill. 366 ; Gizler v. Witzel, *supra.*    A charge of swindling is " no justification for the beating and wounding."    Sorgenfrei v. Schroeder, 75 Ill. 397–399.

The first instruction given at the request of appellee was in substance that the burden of proof was on the plaintiff and that the latter must make out his case by a preponderance of the evidence.    This was erroneous in a case of this kind, where the burden of proof was on the defendant under his plea of *son assault demesne,* to which replication was filed.    In effect that plea admits the assault but avers that it was committed in self defense, the defendant using no more force than was necessary for that purpose.    The fact that a plea of not guilty was also filed does not change the situation in this respect.    On the issue raised by the special plea the burden was still upon the defendant.    Hulse v. Tollman, 49 Ill. App. 490–497.    It was error to place it entirely upon the plaintiff.

What is said in Boren v. Bartleson, 39 Ill. 43–45, is, we think, applicable in this case, and we need not extend its consideration.    The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*