## Eva Kehl, Appellee, v. Louis A. Burgener, Appellant.

## Gen. No. 5371.

1. ASSAULT AND BATTERY—*burden of proof*. Where the general issue and pleas of justification are filed, the true rule is that under such pleadings the plaintiff is required to prove the assault by the defendant; that when such assault is proved the burden of establishing a prior assault by the plaintiff is upon the defendant.

2. VERDICTS—*when excessive*. Held, in an action of assault and battery, that a verdict of one thousand dollars was excessive, it appearing that the assault in question was provoked by a prior assault made by the plaintiff upon the child of the defendant.

Action in case. Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1910. Affirmed upon *remittitur*. Opinion filed October 18, 1910.

MIGHELL & GUNSEL and SEARS & SOLFISBURG, for appellant.

WILLIAM R. BRAND and T. J. MERRILL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee brought this suit on the case against appellant to recover damages for an alleged assault and battery by

him upon her. Appellant pleaded not guilty, and also a prior assault upon Angeline Burgener, daughter of appellant, a child of tender years, and that appellee undertook to beat, bruise and ill treat said Angeline, and threatened to cut off her head with a carving knife then in the possession of appellee, and that appellant defended said Angeline as he lawfully might, and in so doing necessarily and unavoidably struck appellee and pushed her away from said Angeline to save the latter from being seriously beaten, and that these were the same trespasses in the declaration mentioned. Appellant also filed a plea that the supposed trespass was in necessary defense of an assault by appellee upon him. Appellee filed replications to the special pleas, alleging that appellant committed said assault of his own wrong and without the cause mentioned in the pleas. There was a trial and a verdict for appellee for $1,000, a motion by appellant for a new trial, which was denied, and a judgment on the verdict, from which defendant below appeals.

The second instruction given for appellee told the jury that under the pleadings the burden of proof was upon appellant to show by a preponderance of the evidence that the assault was made in necessary self-defense of his own person or of the person of his child and that in making such assault he used no more force than a reasonable man would consider necessary under the circumstances. The fifth instruction given for appellee told the jury that under the pleadings an assault upon the plaintiff was admitted by the defendant, and then stated the claim of appellant that the assault was justified and stated that appellant must show that he used no more force than was reasonably necessary to repel the assault or threatened assault which he alleged that appellee made. These instructions were not correct. Notwithstanding the special pleas, appellant was entitled to the benefit of the plea of not guilty. The special pleas could not be used to supersede the necessity of plaintiff's proving her declaration, which was denied by the plea of not guilty. Swigart v. Ballou, 106 Ill. App. 226; Wells v. Englehart, 118 Ill. App. 217; 1 Chitty's Pl. 562, 563.

The true rule is that under such pleadings the general issue requires the plaintiff to prove an assault by the defendant; but that when that assault is proved the burden of proving a prior assault by plaintiff is upon defendant. But while it was incorrect to say that the pleadings admitted an assault by appellant upon appellee, that inaccuracy was not harmful to appellant for the reason that he testified that he grabbed appellee by both arms and pushed her backward and held her arms. This was an assault. The burden of justifying the assault under the special pleas was upon appellant, and it was a question for the jury whether his defense was made out. It was necessary for him to show in defense that appellee made a prior assault, either upon himself or upon his infant daughter, and that he used no more force than was reasonably necessary to repel that assault. It was for the jury to determine whether he had established the defense, and we do not feel warranted in disturbing their conclusion in favor of appellee upon that subject.

The damages awarded were, however, largely punitive and under the circumstances of this case we consider them excessive. Appellant is the husband of appellee's daughter, and the little girl is appellee's grandchild. Appellee and appellant had been litigating for years over certain questions of property. Kehl v. Burgener, 106 Ill. App. 336. As a result of foreclosure proceedings, a house and lot formerly owned by appellee had become the property of appellant and he had been put in possession by the sheriff, and some personal property owned by appellee had been locked up in a barn on said premises. On the day of the alleged assault Angeline Burgener, some ten or eleven years old, was going along a public street drawing a little wagon, in which were some articles of personal property covered up. ·Appellant, her father, was near by. Neither of them was molesting appellee in any way. Some one told appellee, who was in her own house a half a block or a block away, that the little girl was drawing some things in a wagon, and appellee suspected that it might be some of her personal property left in the barn. She rushed out upon the street, evidently in

great anger, for the purpose of ascertaining if it was her property and of rescuing it if it was. We do not doubt that she caught hold of the wagon and of the little girl, and tore her dress, and called her "a little devil" in loud tones. Appellant then arrived upon the scene and caught hold of his mother-in-law's arms and held her, and the little girl started on. Appellant released appellee and she immediately started after the little girl again, and appellant caught appellee again, and such events happened that appellee fell upon the ground. She claims that appellant struck and kicked her. He denies it. The striking was seen by others, and the kicking was not supported except by proof by the physician that she had bruises upon her limbs afterwards. Appellee was sixty-five years old, and we do not feel warranted in disturbing the conclusion of the jury that appellant used more force than was necessary to protect his daughter. But in view of the fact that she clearly began the trouble and made the first assault, and evidently in great anger, and that $200 or $300 would compensate her for all physician's bills, hospital and nursing expenses, and loss of time, we are of opinion that the verdict was excessive and that appellant ought not to be mulcted in so large a sum as damages.

This opinion will be lodged with the clerk and counsel advised thereof, and if within seven days appellee remits $400 the judgment will be affirmed in the sum of $600 at the costs of appellee. Otherwise it will be reversed and remanded.

Afterwards, appellee having filed a *remittitur* in the sum of $400 the judgment is affirmed in the sum of $600 at the costs of appellee.

*Affirmed upon remittitur.*