## Fred C. Spenler, Appellee, v. Tolliver Turley, Appellant.

1. EVIDENCE—*when, as to liability for doctor's bill properly considered.* Liability to physicians for services rendered is proper to be considered notwithstanding the reasonableness of the charges made was not established where no objections to the lack of such evidence was made in the trial court.

2. TRIAL—*when remarks of court cannot be complained of.* Remarks by the trial court though prejudicial cannot be complained of if elicited by the improper conduct of the complaining counsel.

3. TRESPASS—*effect of plea of son assault demesne.* By the plea of *son assault demesne* the defendant assumes the burden of proving not only that the plaintiff first assaulted him and that he, the defendant, acted in necessary self-defense, but also that in so defending himself he used no more force than was necessary.

4. INSTRUCTIONS—*ignoring issues.* An instruction which directs a verdict for the defendant is properly refused if it ignores one element necessary to such verdict.

5. ASSAULT AND BATTERY—*when use of unnecessary force in self-defense justified.* If a person is suddenly attacked the use of excessive force will not impose liability if he acted as a reasonably prudent man would act under like circumstances.

Trespass. Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the

Spenler v. Turley, 158 Ill. App. 146.

May term, 1910.   Reversed and remanded.   Opinion filed October 18, 1910.

HUMPHREY & ANDERSON and BLINN.& COVEY, for appellant.

BEACH & TRAPP, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action in trespass, appellee recovered a judgment against appellant for the sum of $450 and costs of suit. The declaration charges in substance that on October 24, 1908, the defendant assaulted the plaintiff with a knife, and cut, stabbed and seriously wounded him, by reason of which he became sick and disordered, suffered great pain and anguish, was unable to transact his affairs and business, and compelled to lay out divers sums of money in endeavoring to be cured of his wounds and sickness, and that said assault was wilful and malicious, by reason of which the defendant should be amerced in exemplary or punitive damages. The defendant pleaded the general issue and a special plea of *son assault demesne* to which the plaintiff replied *de injuria sua*.

The evidence shows that the defendant assaulted the plaintiff by stabbing him a number of times with a knife, whereby he was dangerously wounded, and that as a result of such injuries he suffered considerable pain, and has since been unable to work, and became liable to pay $285 for doctor's and hospital bills and in employing a man to work in his place. The evidence adduced by the defendant shows that shortly prior to the assault the plaintiff had threatened to whip the defendant when he had a chance; that the plaintiff first assaulted him with what are known as "knucks," and that he stabbed the plaintiff in necessary self-defense. The evidence is in close conflict upon this issue, but we are unable to say that the ver-

dict was clearly and manifestly against the weight of the evidence.

The plaintiff was permitted to show that he owed to the various doctors who attended him, the sum of $125. He failed to prove, however, that the amounts charged were the reasonable and usual charges for the services rendered. When the questions were asked, general objections were made to the questions and overruled. It is urged that in this the court erred. We see no error in the ruling of the court. If the defendant was liable the plaintiff had a right to recover the amount for which he had become liable to pay for necessary medical and surgical services and treatment. It is true that in addition thereto it was essential to recovery that he show that such charges were the usual and reasonable charges for services of that nature. Upon his failure to follow up the evidence complained of by proof that the charges were usual and reasonable, it would have been the duty of the court, upon motion, to strike out the evidence. Having failed to make such motion, the defendant cannot now complain that the evidence in question was permitted to remain in the record. Schmitt v. Kurrus, 234 Ill. 578.

It is urged that the court made improper remarks while ruling upon the admissibility of evidence, which were prejudicial to the defendant. We are inclined to indulge in the presumption that the remarks complained of were called out by the remarks and conduct of counsel. Moreover, we do not regard them as prejudicial.

It is urged that the court erred in refusing the first, second and third instructions offered by the defendant. The first told the jury, in substance, that if they believed that the plaintiff made the first assault, the burden was cast upon him to show by a preponderance of the evidence that the defendant used more force than a reasonably prudent man would have deemed necessary for his defense under

similar circumstances. The instruction was properly refused. By the plea of *son assault demesne* the defendant assumed the burden of proving not only that the plaintiff first assaulted him and that he, the defendant, acted in necessary self-defense, but also that in so defending himself he used no more force than was necessary. Ayres v. Kelley, 11 Ill. 17; Gizler v. Witzel, 82 Ill. 322. The second refused instruction was defective in that while directing a verdict it omitted the essential hypothesis that the defendant used no more force than a reasonably prudent man would have used under similar circumstances. Furthermore, the instruction was misleading in that it unduly emphasized certain facts which were in dispute, and was argumentative.

The third refused instruction reads as follows:

"The court instructs the jury that if you believe from the evidence in this case that the plaintiff Spenler made the first assault upon defendant Turley by striking Turley over the head, in the dark, then in that case, even if you believe the defendant Turley used more force than was necessary at the time of such assault, to defend himself, still there can be no recovery in this case, if the jury believe from the evidence that the defendant Turley acted as a reasonably careful man would have acted under the same circumstances; and if you find that the defendant Turley did act in the case as a reasonably careful man, you should find for the defendant."

It is the law that if the defendant was suddenly attacked at the time and under the circumstances testified to by him, and he acted as a reasonable and prudent man would have under like circumstances, he would be justified in so acting, although he used more force than was necessary to defend himself against such assault. This rule was not contained in nor covered by either of the given instructions, and defendant was thus deprived of the benefit thereof. The majority of the court are of opinion that it is not clear that the

defendant was not prejudiced by the refusal of the last mentioned instruction.

We are therefore constrained to reverse the judgment of the Circuit Court and remand the cause for another trial.

*Reversed and remanded.*