# HIRAM BOREN

*v.*

# AUGUSTUS C. BARTLESON.

39    43
101a  1538

1. SELF-DEFENSE—*assault and battery.* While the law makes reasonable allowance for the infirmity of human judgment under the influence of sudden passion, and does not require men to measure with mathematical exactness the degree of force necessary to repel an assault, yet there are some broad landmarks beyond which this benignity of the law should not be carried.

2. In this case, which was an action of trespass for an assault and battery, it appeared the defendant used insulting language to the plaintiff, whereupon the plaintiff pushed or struck him in the breast. The defendant stepped back and drawing a revolver, snapped it at the plaintiff, and then, advancing upon him, struck him upon the head with the pistol, the blow felling him to the ground, and producing a severe wound, which confined him to his house for several days. The plaintiff had been in feeble health prior to the difficulty, and had retreated a few feet when the defendant struck him. A judgment in favor of the defendant, upon a verdict of not guilty, was reversed because the verdict was contrary to the evidence, it being held that the defendant used more force than he had a right to consider needful for his own protection.

3. NEW TRIALS—*verdict contrary to evidence.* When, in criminal trials, juries improperly acquit defendants upon some false hypothesis of self-protection, their verdicts are beyond the power of the court. But where that is done in a civil case, manifestly against the evidence, the verdict should not be allowed to stand.

APPEAL from the Circuit Court of Pulaski county; the Hon. WESLEY SLOAN, Judge, presiding.

The opinion of the Court contains a statement of the case.

Mr. JOHN DOUGHERTY and Mr. G. S. PIDGEON, for the appellant.

Mr. WM. H. GREEN and Messrs. MULKEY, WALL & WHEELER, for the appellee.

Mr JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trespass brought by the appellant against the appellee, to recover damages for an alleged assault and battery. The defendant pleaded not guilty, and *son assault demesne.* The plaintiff replied *de injuria.* The jury found a verdict for the defendant, and the plaintiff appealed.

The facts are substantially as follows: The defendant used insulting language to the plaintiff, whereupon the plaintiff pushed or struck him in the breast. The defendant stepped back, and drawing a revolver snapped it at the plaintiff, and then advancing upon him, struck him upon the head with the pistol, the blow felling him to the ground. The plaintiff called out for aid, when the bystanders interfered, one of them taking possession of the pistol. The plaintiff had retreated a few feet when the defendant struck him. He had been in feeble health prior to the difficulty. The wound was somewhat severe, and the plaintiff was confined to his house for a considerable period. The court instructed the jury, substantially, that if the defendant used more force in repelling the plaintiff's assault than was necessary in self-defense they should find for the plaintiff. On the return of the verdict the plaintiff moved for a new trial, because, among other grounds, the verdict was against the evidence, which motion the court overruled, and this decision is assigned for error.

While the law makes reasonable allowance for the infirmity of human judgment under the influence of sudden passion, and does not require men to measure with mathematical exactness the degree of force necessary to repel an assault, yet there are some broad landmarks, beyond which this benignity of the law should not be carried. In the case before us, although the first assault was made by the plaintiff, yet it was of such a character, and attended with such circumstances, as utterly to preclude the idea that the defendant only used such force as he had a right to consider needful for his own protection. The plaintiff was enfeebled by sickness. His assault was made without weapons, the witnesses being uncertain whether it was a blow or a push in the breast. He showed no disposition to follow up his assault. The defendant, stepping back, draws a deadly weapon, and, not succeeding in discharging it, rushes upon the plaintiff, already retiring, and strikes him a heavy blow upon the head with a pistol which one of the witnesses swears would weigh two or three pounds or more. We are at a loss to understand upon what theory of self-defense the jury, under the law laid down to them by the court, justified this proceeding; and, while we do not reverse judgments because a verdict is against the evidence, unless it is manifestly so, we conceive this case to fall within that category. When, in criminal trials, juries improperly acquit defendants, as they often do, upon some false hypothesis of self-protection, their verdicts are beyond the power of the court. But where, as in this instance, the case is on the civil docket, a proper regard for the majesty of the law, and for the safety of the citizen, requires that we shall permit no such verdict as this to stand. A reckless resort to deadly weapons is becoming far too common, and if men will go about the streets with revolvers in their pockets, public opinion should teach them it is cowardly, and the courts should teach them it is unlawful, to resort to such weapons for the purpose of punishing an assailant whose assault has terminated, and was attended by no injury or danger while it was being made.

*Judgment reversed.*