RUFUS OGDEN

*v.*

GEORGE CLAYCOMB.

52　　365
101a ¹537

1. ASSAULT AND BATTERY—*self-defense.* It is not essential to the right to maintain an action for an assault and battery, that the plaintiff should have been guilty of no provocation. It is immaterial what language he may have

used toward the defendant, so far as the right to maintain an action is concerned.

2. And even if the plaintiff went beyond words and committed a technical assault, the acts of the defendant must still be limited to a reasonable self-defense.

3. So, if it appear, in such an action, that the plaintiff advanced upon the defendant in a threatening manner for the purpose óf fighting, and a fight followed, no more violence can be used by the party attacked than a reasonable man would, under the circumstances, regard necessary for his defense. If he strikes a blow not necessary to his defense, or after all danger is past, or by way of revenge, he is guilty of an assault and battery, for which an action will lie. He will not be justified in exceeding the just bounds of self-defense, even though he desist as soon as the attacking party asks him to do so.

APPEAL from the Circuit Court of Warren county ; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Messrs. STEWART & PHELPS, for the appellant.

Messrs. KIRKPATRICK & GLENN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This was an action for assault and battery, in which the jury found for the defendant. The verdict was against the evidence, and there was error in the instructions for the defendant. From the first instruction the jury would understand, if the plaintiff advanced upon the defendant in a threatening manner, for the purpose of fighting, and a fight followed, the plaintiff could not recover, even though the defendant had far exceeded the just bounds of self-defense, and inflicted an inhuman beating, provided he desisted as soon as the plaintiff asked him to do so. The rule is, on the contrary, that no more violence can be used than a reasonable man would, under the circumstances, regard necessary to his defense. If

he strikes a blow not necessary to his defense, or after all danger is past, or by way of revenge, he is guilty of an assault and battery. The third instruction tells the jury, among other things, that the plaintiff, in order to recover, should have been guilty of no provocation. This is error. It is wholly immaterial what language he may have used, so far as the right to maintain an action is concerned, and even if he went beyond words, and committed a technical assault, the acts of the defendant must still be limited to a reasonable self-defense. All the instructions for the defendant are pervaded to a greater or less degree by these errors, and should have been refused. The judgment must be reversed and the cause remanded.

*Judgment reversed.*