GEORGE PANTON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa September 21, 1885.*

1. CRIMINAL LAW—*self-defence when danger only apparent.* If a person assaulted in such a manner and under such circumstances as to induce in him a reasonable and well-grounded belief that he is actually in danger of losing his life or suffering great bodily harm, acts under such belief, he will be justified in defending himself, whether the danger is real or only apparent.

2. SAME—*as to the grade of the offence—the jury to determine, not the court.* Under an indictment for murder the accused may be found guilty of manslaughter, and the instructions in such a case should leave the jury free to find whether he is guilty of murder or manslaughter. Therefore, an instruction that if the jury shall believe, from the evidence, certain facts, they should find the defendant guilty of murder, is erroneous. It should direct no more than to find him guilty.

3. WITNESS—*credibility of one charged with crime, when testifying in his own behalf.* A clause in an instruction, on the trial of a party upon a charge of murder, who had testified in his own behalf, after reciting certain facts, was to this effect: "And if, from all such facts and circumstances in evidence, the jury believe that he (the defendant) has testified falsely upon any material point in issue in the case, then they have the right to entirely

disregard his evidence, except so far as it may be corroborated by other credible proofs or circumstances in evidence." The instruction was held erroneous, in omitting the essential element that the witness had willfully and knowingly sworn falsely.

4. Error will not always reverse—*as to instructions.* An instruction given on the trial of a person upon the charge of murder, upon the law of self-defence, against the defendant, though abstractly erroneous may not afford a ground for a reversal of a judgment of conviction, where no case of self-defence is shown by the evidence.

Writ of Error to the Circuit Court of Boone county; the Hon. C. W. Upton, Judge, presiding.

Mr. Frank Crosby, Mr. Charles E. Fuller, and Mr. John A. Russell, for the plaintiff in error:

The fourth of the People's instructions, to the effect that to make the plea of self-defence availing it must appear that the danger was so urgent and pressing that in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary, is not and never was the law. *Campbell* v. *People*, 16 Ill. 17; *Schnier* v. *People*, 23 id. 17; *Maher* v. *People*, 24 id. 241; *Roach* v. *People*, 77 id. 30; *Davison* v. *People*, 90 id. 221; *Steinmeyer* v. *People*, 95 id. 383; *Gainey* v. *People*, 97 id. 270; *Wilson* v. *People*, 94 id. 299.

The People's tenth instruction is equally erroneous. The last clause, "and you should find him guilty of murder," is not only a positive order from the court to convict, but it instructs the jury virtually to pay no attention to any other defence than that of insanity, and to consider no mitigating circumstances, but to find defendant guilty of murder. *Roach* v. *People*, 77 Ill. 30.

Mr. A. J. Hopkins, Mr. N. J. Aldrich, Mr. F. H. Thatcher, and Mr. T. E. Ryan, for the People:

The fourth of the People's instructions is in the exact language of section 149 of the Criminal Code. (*Kinney* v. *People*,

108 Ill. 520.) In all the cases cited by plaintiff in error the only defence relied on was self-defence.

Even if improper instructions. have been given or other errors intervened, yet if substantial justice has been done, the judgment will not be disturbed. *Greenup* v. *Stoker*, 3 Gilm. 215; *Dishon* v. *Schorr*, 19 Ill. 63; *Leigh* v. *Hodges*, 3 Scam. 18; *Gillett* v. *Sweat*, 1 Gilm. 490; *Newkirk* v. *Cone*, 18 Ill. 454; *Elam* v. *Badger*, 23 id. 502; *Insurance Co.* v. *Wetmore*, 32 id. 251; *Railroad Co.* v. *Swearingen*, 47 id. 209; *Bandalow* v. *People*, 90 id. 221; *Ritzman* v. *People*, 110 id. 362.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The judgment in this case must be reversed for the giving of three erroneous instructions on behalf of the People, as follows:

"The court instructs the jury that when a person charged with murder, and not affected with insanity as explained to you, sets up as a justification or defence that he killed such person in self-defence, to make such plea of self-defence availing it must appear that the danger was so urgent and pressing that in order to save his own life or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given.

"The court instructs the jury that it is not every degree or kind of insanity that will excuse the commission of a criminal act, and in this case, if you believe, from the evidence, beyond a reasonable doubt, that the defendant committed the homicide charged, and at the time of committing the same that he was able to distinguish between right and wrong, and knew that the act committed was wrong and in violation of law, and that he was liable to be punished there-

for, and that .he had the power to abstain therefrom, then, no matter what delusion he may have had or what tendency to insanity from hereditary causes, such insanity would not constitute a legal defence in this case, and you should find him guilty of murder.

·"The court instructs the jury that by a statute in this State the prisoner is permitted to testify in his own behalf, but by such permission under the statute the jury are not bound to accept of the prisoner's statements upon the witness stand as to the truth. They have the right, in determining how much, if any, credence they will give to his statements, to take into consideration the facts and circumstances in evidence in the case, the manner and conduct of the prisoner while on the witness stand, his interest in the result of the suit; and if, from all such facts and circumstances in evidence, the jury believe that he has testified falsely upon any material point in issue in this case, then they have the right to entirely disregard his evidence, except so far as it may be corroborated by other credible proofs or circumstances in evidence in this case."

In *Roach et al.* v. *The People,* 77 Ill. 26, a like instruction as the first was held erroneous, in that it would convey to the minds of the jury the idea that the defendants could not sustain their alleged justification of self-defence unless their danger was not only apparently imminent, but was actual and positive. This court has repeatedly held, that if the defendant was assaulted by the deceased in such a manner as to induce in him a reasonable and well-grounded belief that he was actually in danger of losing his life or suffering great bodily harm, when acting under such reasonable belief he was justified in defending himself, whether the danger was real or only apparent. *Campbell* v. *The People,* 16 Ill. 17; *Schnier* v. *The People,* 23 id. 28; *Davison* v. *The People,* 90 id. 221.

The last clause of the second above instruction was wrong in saying, "and you should find him guilty of murder." Under an indictment for murder a defendant may be found guilty of manslaughter, and the jury, here, should have been left free to find in that respect, without being directed by the court how they should find. The court should have said no more in such respect in the instruction than that the jury should find the defendant guilty.

The last clause of the third above instruction, "and if, from all such facts and circumstances in evidence, the jury believe that he has testified falsely upon any material point in issue in this case, then they have the right to entirely disregard his evidence, except so far as it may be corroborated by other credible proofs or circumstances in evidence in this case," was erroneous, in omitting the essential element that the witness had willfully or knowingly sworn falsely. *Brennan* v. *The People*, 15 Ill. 512; *City of Chicago* v. *Smith*, 48 id. 107; *Pollard* v. *The People*, 69 id. 148.

Of the first instruction, although abstractly erroneous, it might be said that it did the defendant no harm, and was not ground for reversal because of there being no case of self-defence presented by the evidence. (*Leach* v. *The People*, 53 Ill. 318; *Wilson* v. *The People*, 94 id. 327; *Ritzman* v. *The People*, 110 id. 362.) But the two other instructions, especially the last, can hardly be passed over as harmless, as not calculated to prejudice, and as not actually prejudicing, the defendant.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*