## FRANK STEINER

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 19, 1900.*

1. CRIMINAL LAW—*effect of omission of words "beyond a reasonable doubt" from instruction.* Giving an instruction omitting the words "beyond a reasonable doubt" after the words "though the jury may believe, from the evidence," is not error, where the omitted words are properly used in other instructions and the jury are informed in several instructions what constitutes a reasonable doubt.

·2. SAME—*the right of self-defense exists if danger to life is reasonably apparent.* An instruction given for the People in a murder trial is erroneous which limits the accused's right of self-defense to actual danger, and leaves the jury to infer that there could be no justification for the act of killing if the danger was only apparent.

3. SAME—*jury should be left free to convict of manslaughter or murder.* Since one indicted for murder may be found guilty of manslaughter, it is error to instruct the jury that if they believe the facts stated in the instruction to be proved, then the accused "is guilty of murder and the jury should so find."

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

·This is an indictment against the plaintiff in error, Frank Steiner, and one Louisa Karus, otherwise called Louisa Schrader, charging them with the murder of Joseph Karus by stabbing with a knife on July 11, 1899. The defendants pleaded not guilty. The jury returned a verdict finding the plaintiff in error, Frank Steiner, guilty of murder in manner and form as charged in the indictment, and fixing his punishment at death. By their verdict the jury found Louisa Karus not guilty. Plaintiff in error filed a motion for a new trial, which was overruled. Exception was taken to the order overruling the motion for new trial. A motion in arrest of judgment was made and overruled, and exception was taken to the order overruling the same. Judgment was rendered against the plaintiff in error in accordance with the verdict, and·

sentence of death was pronounced against him. At the April term of this court a writ of error was granted, and made a *supersedeas*.

JULIUS GOLDZIER, and FRANK JOHNSTON, Jr., for plaintiff in error.

E. C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and HAYNIE R. PEARSON, of counsel,) for the People.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The eighth instruction, given by the trial court for the People, is as follows:

"Even though the jury may believe from the evidence that there was a struggle between the defendant, Frank Steiner, and the deceased, Joseph Karus, and in such struggle the said defendant, Frank Steiner, inflicted a mortal wound upon said Joseph Karus in manner and form as charged in the indictment, from which he died, but that said wound or wounds causing the death of said Joseph Karus were not inflicted by the said Frank Steiner to save his own life or save himself from great bodily harm, and were not inflicted by the said Frank Steiner upon a sudden heat of passion, caused by provocation apparently sufficient to make the passion irresistible, then the said defendant, Frank Steiner, is guilty of murder, and the jury should so find."

The instruction above quoted is claimed by the plaintiff in error to be erroneous for three reasons. First, the instruction is objected to upon the ground that it omits the words, "reasonable doubt." Undoubtedly the law is in criminal cases, that the jury must believe the defendant to be guilty beyond a reasonable doubt before they can convict. But the omission of the words, "beyond a reasonable doubt," after the words, "even though the jury

may believe from the evidence," in the above instruction, does not make it erroneous, because the omitted words were used in several other instructions which were given to the jury; and the jury were informed in several instructions what constituted a reasonable doubt. The doctrine, laid down by this court in the case of *Peri* v. *People*, 65 Ill. 17, is precisely applicable to the instruction now under consideration. In the *Peri case* we said (p. 24): "It is urged that the first of the People's instructions was wrong, because it fails to inform the jury that they must believe the facts supposed in the instruction to be true beyond a reasonable doubt before they could find the accused guilty. * * * On a careful examination of the instructions, we find that, by the fifth of defendant's instructions, the jury are told that, unless they believe beyond a reasonable doubt that the defendant is guilty, they should acquit; and they are so informed in his sixth, and what constitutes a reasonable doubt is explained in the seventh. These instructions were all given, and we cannot, after so plain a direction on the part of the court, believe that the jury disregarded them. In the case of *Kennedy* v. *People*, 40 Ill. 488, it was held that, if the jury were properly instructed as to a reasonable doubt in a portion of the People's instructions, it was not error to omit that expression in others given for the prosecution."

The second objection, made to the eighth instruction, is that it ignores the doctrine of apparent danger. In this respect the instruction is unquestionably erroneous. It limits the right of self-defense to actual danger, and leaves the jury to reasonably infer, that there could be no justification for the act of killing, unless the necessity to destroy life in self-defense was actual and not apparent, "although regarded sufficient by all reasonable understandings." (*Schnier* v. *People*, 23 Ill. 17). It has been held by this court in a number of cases, "that the necessity for taking the life of the deceased need not be real and absolute, but if the necessity is so apparent as to

induce the belief in a reasonable mind, that the danger was so imminent that no other means of escape existed but to take the life of the deceased in order to preserve that of the accused, that such apparent danger will justify the homicide." (*Schnier* v. *People, supra*). If the defendant is assaulted by the deceased in such a manner, as to induce in him a reasonable and well-grounded belief, that he is in actual danger of losing his life, or suffering great bodily harm, when acting under such reasonable belief he is justified in defending himself, whether the danger is real or only apparent. (*Campbell* v. *People*, 16 Ill. 17; *Maher* v. *People*, 24 id. 241; *Roach* v. *People*, 77 id. 25; *Steinmeyer* v. *People*, 95 id. 383; *Davison* v. *People*, 90 id. 221; *Panton* v. *People*, 114 id. 505; *Enright* v. *People*, 155 id. 32). In *Maher* v. *People, supra*, we said: "This court, in the case of *Campbell* v. *People*, 16 Ill. 17, held that a person, when threatened with danger, must determine from the appearances and the surrounding circumstances as to the necessity of resorting to self-defense; and that, if the danger was apparently so imminent, and pressing, that a reasonable and prudent man would suppose, that it was necessary to take the life of his assailant, to preserve his own, or to avoid the infliction of a grievous bodily injury, then the killing would be justifiable." The eighth instruction undoubtedly conveys to the minds of the jury the idea, that the plaintiff in error could not sustain his alleged justification of self-defense, unless his danger was not only apparent and imminent, but was actual and positive. Such an instruction has been so often condemned by the decisions of this court—as may be seen by a reference to the cases above referred to—that its erroneous character cannot be ignored.

The third objection is to the form of the conclusion of the instruction. After pre-supposing the existence of certain facts the instruction concludes as follows: "Then the said defendant, Frank Steiner, is guilty of murder, and the jury should so find." We have condemned this

form of instruction in two cases, to-wit, *Panton* v. *People*, 114 Ill. 505, 'and *Lynn* v. *People*, 170 id. 527. The reason why an instruction, concluding as the eighth instruction concludes, is held to be erroneous is, that the jury are thereby forced to find the prisoner guilty of murder when they have a right to find him guilty of manslaughter only. Under an indictment for murder a party accused may be found guilty of manslaughter, and, therefore, the jury should be left free to find the accused guilty of either murder or manslaughter, without being specifically directed that they should find him guilty of one offense only, and not the other.

In *Panton* v. *People, supra,* we said: "The last clause of the second above instruction was wrong in saying, 'and you should find him guilty of murder.' Under an indictment for murder a defendant may be found guilty of manslaughter, and the jury here should have been left free to find in that respect, without being directed by the court how they should find. The court should have said no more in such respect in the instruction than that the jury should find the defendant guilty."

Again, in *Lynn* v. *People, supra,* the case of *Panton* v. *People, supra,* was referred to, and the above passage from the latter case was quoted with approval; and, after making the quotation, we said: "The direction by the court in the case at bar was erroneous for the same reason."

After a careful examination of all the instructions, and a comparison of each with the other, we are unable to say, that the eighth instruction was so qualified by any other instruction given, as to relieve it of the errors thus indicated.

Because of the erroneous character of the eighth instruction given for the People, as hereinbefore pointed out, the judgment of the criminal court of Cook county is reversed, and the cause is remanded to that court for a new trial.          *Reversed and remanded.*