## Illinois Steel Co. v. Joseph Waznius.

1. TRESPASSERS—*Right to Use Sufficient Force in Ejecting.*—A person employed by a corporation to guard its premises from trespasses by drunken and disorderly persons has the right to use such force as is reasonably necessary to prevent such persons from trespassing upon such premises, but no more.

Trespass, for an assault and battery. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed April 18, 1902.

KEMPER K. KNAPP, attorney for appellant.

JULIUS F. SMIETANKA and PEASE & POLKEY, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

This was an action to recover damages for an alleged assault and battery committed by the appellant, by its agents, on the person of appellee. The trial resulted in a verdict for the plaintiff (appellee) for the sum of $700, for which judgment was entered.

A very short and general statement, that shall not prejudice either party on another trial, is all that we will make. It appears that one Shannon was a special police officer employed by the appellant as gateman at one of the entrances to the appellant's works, and that his duty, under his terms of employment, was to guard the property of the company, and to see that none but employes of the company entered, and that intoxicated persons were kept out. The appellee was an employe of the company, and came to the gate and attempted to enter, but was stopped by Shannon, and was prevented from going in.

There was evidence on the part of the defense tending to show that the plaintiff was drunk and boisterous, and that he struck the first blow, and knocked Shannon's hat off, and that no more force than was reasonably necessary was used in repelling him. The evidence on the part of the plaintiff tended to show that he was not drunk or boisterous; that he was a rightful workman for appellant, and had a right to go in through the gate to his accustomed work; that he was attacked by Shannon without any previous warning, and was struck by him with his policeman's club, and was kicked and otherwise maltreated after he was placed in the watchman's shanty, where he was kept until taken away in the patrol wagon and removed to the police station.

Among the instructions that were requested by appellant, but refused, was one that we think it was material error to refuse to give to the jury. It was as follows:

" The jury are instructed that even if they believe that the defendant, Thomas Shannon, used more force than was absolutely necessary at the time of the occurrence complained of, still there can be no recovery in this case if the jury believe from the evidence that said Shannon acted as a

Illinois Steel Co. v. Waznius.

reasonably careful and prudent man would have acted under the same circumstances and conditions.  If the conduct of the plaintiff at that time was improper, or boisterous, or insulting, or disorderly, and was such as to naturally irritate, annoy and excite an ordinarily careful and prudent man in the place of the said Shannon, under the same circumstances and conditions, then the said Shannon can not be held to the greatest nicety in the calculation of the amount of force which he should use, and even if the said Shannon did use more force than was necessary, still, if, under the circumstances, he acted as an ordinarily careful and prudent man, under the influence of the plaintiff's conduct, as you find it to be, would have acted under the same circumstances and conditions, then you should find the defendants not guilty."

This instruction was clearly right, and ought to have been given.  Appellee's counsel concede in their brief, that if the bald proposition that Shannon acted as an ordinarily prudent and careful man would have acted under the circumstances, had been presented to the jury by the instruction, it would have been rightly given; but they insist that under the decisions in Donnelly v. Harris, 41 Ill. 126, and Ogden v. Claycomb, 52 Ill. 365, it was properly refused, because there is included in the instruction the element of insulting or disorderly conduct by the appellee, as a provocation.  And their contention is that such provocation constitutes no defense to the assault itself, but may only be given in mitigation of damages.

The instruction, as asked, does not go to the extent of saying that the boisterous, insulting or disorderly conduct of appellee constitutes a defense to the assault committed by Shannon, but only that if a reasonably careful and prudent man standing in his place and under the same circumstances should be annoyed and irritated by the conduct of appellee, he, Shannon, shall not be held to the greatest nicety in calculating the amount of force to be employed by him.

Shannon had the right to use such reasonable force as was reasonably necessary to stop appellee from entering the gate, but no more.  Woodman v. Howell, 45 Ill. 367.  The

instruction goes only to the extent of saying that an ideally exact method of exercising the force he had the right to use, should not be required of him.    Boren v. Bartleson, 39 Ill. 43; Paxton v. Boyer, 67 Ill. 132.

It is not unlike the familiar rule in criminal law that one in repelling an attack may use such force as would appear to be reasonably necessary to a person of ordinary carefulness and prudence, acting under similar circumstances. Steiner v. People, 187 Ill. 244.

Whether Shannon used more force than was reasonably necessary under the circumstances was the main question in the case, and the appellant was entitled to an instruction to the jury that fully presented the law as to that question.

Appellee's counsel urge that appellant's instruction No. 5, which was given, fully informed the jury as to Shannon's rights in ejecting appellee.    That instruction was as follows:

"The jury are instructed that if they believe from the evidence that the plaintiff attempted to enter the premises of the Illinois Steel Company, and while so doing struck Thomas Shannon, then the said Thomas Shannon had a right to resist such attack, and if in the necessary defense of his own person and said premises, he inflicted a blow which he had reason to, and did believe, was necessary, and which an ordinary and reasonable man, under the same circumstances, would have believed to be necessary to protect himself and said premises, then you should find the defendant not guilty."

The instruction was well enough so far as it went, but it only purported to relate to one aspect of the case, and did not take the place or make unnecessary the giving of the refused instruction to which we have previously adverted.

For the error in refusing to give to the jury the first instruction offered by appellant, the judgment must be reversed and the cause remanded.