George Reisch et al. v. The People, for use of Matilda Stringer.

1. JURY—*when exceptions to rulings upon examination of, will not be reviewed.* The action of the trial judge in overruling a challenge for cause will not be reviewed on appeal where it does not appear that the complaining party exhausted his peremptory challenge, nor will such ruling be reviewed if the entire examination of the particular juror so challenged is not preserved in the record.

2. ASSAULT AND BATTERY—*instructions upon, considered.* Particular instructions set forth *verbatim* which pertain to the law of assault and battery, are considered by the court in this opinion.

Action in debt. Appeal from the Circuit Court of Shelby county; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed November 27, 1906.

SHUTT, GRAHAM & GRAHAM, for appellants; R. M. POTTS and CHAFEE & CHEW, of counsel.

LESLIE J. TAYLOR and ARTHUR YOCKEY. for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in debt instituted in the name of the People, for the use of Matilda Stringer, against Louis Jurica and Joseph Jurica, dram-shop keepers and principals on a dram-shop bond, and the appellants, George Reisch and Philip Standley, sureties on said bond, to recover damages.

The declaration alleges that said dram-shop keepers sold or gave intoxicating liquors to one Sanford

Wolfe; that by reason thereof said Wolfe became intoxicated and by reason of such intoxication, did, on August 6, 1904, make an assault on Thomas Stringer, the husband of the said Matilda Stringer, with a knife, inflicting upon him two mortal wounds from which he died; that the said Matilda Stringer was thereby obliged to and did expend divers large sums of money in and about nursing and maintaining her said husband, and.for medicines and services of physicians and surgeons and for funeral expenses; and that she was thereby wholly deprived of her means of support. Upon a trial by jury there was a verdict in favor of appellee for $1,500. The suit was then dismissed as to the defendants Louis and Joseph Jurica, who had not been served with process, and judgment was entered by the court upon the verdict, against appellants.

On August 6, 1904, Sanford Wolfe with his wife and four children drove from their home, six miles, to Moweaqua, arriving there at about 1:30 o'clock in the afternoon. At about two o'clock Wolfe went to a dentist's, and then rejoined his family at a restaurant, where all had dinner at three o'clock. There is evidence tending to show that immediately after his arrival at Moweaqua Wolfe took a drink of whisky. The preponderance of the evidence tends to show that during most of the time from three o'clock until six o'clock, shortly after which time he started for home, Wolfe was in and about the saloon of Louis and Joseph Jurica, drinking beer and whisky in considerable quantities. As is usual in such cases the evidence is conflicting upon the question as to whether or not Wolfe was intoxicated when he left Moweaqua. It would serve no useful purpose to review in detail the testimony of the large number of witnesses examined at the trial upon that issue. It is sufficient to say that in our opinion the greater weight of the evidence supports the contention of appellee that Wolfe

was intoxicated when he started to drive home from Moweaqua. The evidence further tends to show that when Wolfe had driven about three miles in the di-. rection of his home he saw the deceased, Thomas Stringer, his brother-in-law, with John Hiatt, a step-son of the latter, in a single buggy, driving toward Moweaqua; that Wolfe drove past the intersection of the cross road upon which Stringer was approaching and stopped; that when Stringer reached the inter-section of the two roads, Wolfe got out of his con-veyance and approached Stringer who was seated in his buggy; that during a conversation between Wolfe and Stringer regarding a report which had been cir-culated charging the former with having stolen some hams or meat from a smoke house, Wolfe stabbed Stringer with a pocket knife inflicting wounds result-ing in Stringer's death on the following day. The evidence clearly justifies the conclusion that prior to that time the relations between Wolfe and Stringer had been cordial and friendly; and that the intoxica-tion of Wolfe was the proximate cause of the death of Stringer.

It is urged on behalf of appellants that the court erred in sustaining objections to certain questions addressed to a juror on his *voir dire* examination, and in overruling a challenge of such juror for cause. The record does not show that appellants had ex-hausted their peremptory challenges when the chal-lenge in question was interposed, neither does the record show the entire examination of the juror upon his *voir dire*. In the absence of such showing this court cannot review the action of the trial court in the respect urged.

Dr. Pratt, a witness called on behalf of appellee, stated over the objection of appellants that his charge for attending Thomas Stringer in his last illness was $25. It is insisted that as the declaration only alleged that the wife of deceased had been compelled to and

did lay out divers sums of money for care, nursing and medical services for her husband, and contained no allegation that she became liable for any sum, the evidence was incompetent. The statement of the witness was not inconsistent with the inference that the evidence was incompetent under the averments of the declaration; its admission could only have affected the measure of damages, and as appellants do not urge that the damages are excessive, no harm resulted.

In the deposition of Sanford Wolfe, he was asked the following question on cross-examination: "You are the same Sanford Wolfe, that was defendant at the November term 1904 in the Christian County Circuit Court, in which the People were plaintiff and you were defendant, tried upon an indictment returned by the Christian county grand jury, for the murder of Thomas N. Stringer, are you not?" It is insisted that by the answer of Wolfe to that question in the affirmative, the jury were informed that he had been convicted of the crime of murder. No such conclusion is necessarily deducible from the question and answer. So far as the jury were advised, by anything appearing in the record, Wolfe might have been acquitted upon his trial for the murder of Stringer. The abstract of the record filed by appellants does not show that any objection was interposed to the question quoted, and appellants are, therefore, not in a position to urge the error assigned. We are, however, of opinion that the question was improper. The identity of Wolfe with the person indicted and tried for the murder of Stringer could have no possible bearing upon the issue involved in the case at bar. We are not disposed to hold that the error, if committed, would, upon the record in this case, call for a reversal of the judgment.

The first instruction given at the instance of appellee was substantially in the language of section 5 of the Dram-Shop Act. It contained no suggestion of

the liability of appellants, and is not such an instruction as was criticised in Baker v. Summers, 201 Ill. 52.

Appellee's 7th instruction could not by any possibility have prejudiced appellants. If not technically accurate in permitting the jury in determining the credibility of witnesses to consider, among other elements specifically named, the "facts and circumstances appearing on the trial," rather than the facts and circumstances proved on the trial, the instruction could not have misled the jury.

Appellants offered the following instruction: "The court instructs you that even if you should believe from the evidence that the said Sanford Wolfe was intoxicated at the time the said wounds were inflicted on Thomas Stringer, yet if you further so believe that said Stringer assaulted said Wolfe, and that the wounds in question were inflicted in meeting or repelling said assault, then in such case it would be your duty to find the defendants not guilty." The court refused to give the instruction as offered but modified it by inserting the words appearing in italics, and gave it as so modified. As modified and given the instruction is as follows: "The court instructs you that even if you should believe from the evidence, that the said Sanford Wolfe was intoxicated at the time the said wounds were inflicted on Thomas Stringer, yet if you further so believe that said Stringer *first wrongfully* assaulted said Wolfe, and that the wounds in question were inflicted in meeting or repelling the said assault, then in such case, it would be your duty to find the defendants not guilty."

It is insisted that the instruction as modified improperly cast the burden upon appellants to show that Stringer *first wrongfully* assaulted Wolfe and that the wounds were inflicted in repelling such wrongful assault; that it ignores the doctrine applicable to the plea of self-defense, that a person may lawfully slay

his assailant if the danger is apparently so imminent and pressing that a reasonable and prudent man would suppose that it was necessary to take the life of his assailant, to preserve his own, or to avoid the infliction of a grievous bodily injury. Steiner v. The People, 187 Ill. 244; Kipley v. The People, 215 Ill. 358.

Conceding that the instruction as modified and given to the jury is subject to the objection urged against it, the instruction as offered by appellants is none the less subject to the same objection, and it is elementary that a party may not complain of the inaccuracy of an instruction offered by himself. As we view it, the modification by the court neither added to nor took from the meaning of the instruction as it was offered by appellants. The instruction as offered necessarily implied that the assault by Stringer which would justify the action of Wolfe in repelling the same was the first assault. One cannot repel an assault which has not theretofore been made upon him. In its legal sense, the sense in which it was used in the instruction, an assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another. An assault is intrinsically wrongful, and to characterize it as such, as was done by the modification of the instruction, added nothing to its meaning in law.

The action of the court in modifying and refusing certain other instruction is assigned as error, but an examination of such instructions discloses that they were not improperly modified and refused.

No error intervened that, in our judgment, affected the verdict and the judgment will be affirmed.

*Affirmed.*